UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arttis Hayes
Plaintiff

vs.

BetterNOI, LLC
Defendant

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PLAINTIFF, as and for his cause of action (i.e., violations of the Fair Credit Reporting Act) against the above-named defendant, states and alleges as follows:

**Introduction**

1.  The following case alleges an abject failure to comply with federal law on the part of Defendant. Plaintiff Arttis Hayes was rejected for rental housing based upon a tenant screening report issued by Defendant. Upon reviewing the subject report, Plaintiff discovered that Defendant failed to inform users of the report that an eviction action between himself and his former landlord had resulted in a settlement to the satisfaction of both parties. Additionally, said report miscategorized Plaintiff's criminal history. Consequently, Plaintiff brings the following action.

**Statement of Jurisdiction**

2. This Court has Jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1331 and the Fair Credit Reporting Act, 15 U.S.C. §§1681n & o.

## Venue

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## Parties

4. Plaintiff Arttis Hayes is an adult resident of Hennepin County, Minnesota.

5. Defendant BetterNOI, LLC ("BetterNOI") is a foreign limited liability company not registered to conduct business in the state of Minnesota.

## Facts

6. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1681a(c).

7. Defendant BetterNOI is, and at all times mentioned herein was, a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

8. The tenant screening report mentioned herein is a "consumer report" as defined by 15 U.S.C. §1681a(d).

9. On or about November 1, 2016, Plaintiff Arttis Hayes submitted an application for rental housing to the South Saint Paul Housing and Redevelopment Authority ("HRA").

10. In order to process Mr. Hayes's housing application, the South Saint Paul HRA obtained a tenant screening report prepared by Defendant BetterNOI.

11. Said report contained items that were false, incomplete, and/or misleading.

12. One such item contained in the screening report concerned an eviction action filed in Hennepin County District Court against Mr. Hayes by his previous landlord ("Eviction Action").

13. Mr. Hayes's previous landlord had filed the Eviction Action against Mr. Hayes in March of 2016 in which it was alleged that Mr. Hayes had breached his lease.

14. Mr. Hayes defended the Eviction Action, denied the allegations contained in the Eviction Action complaint, and continues to deny their validity.

15. As a result, Mr. Hayes and his previous landlord entered into an agreement settling the Eviction Action, which resulted in Mr. Hayes remaining in the property until the end of August.

16. No writ of eviction was ever issued with regard to the Eviction Action.

17. However, the tenant screening report prepared and issued by Defendant included none of the information concerning the disposition of the Eviction Action and failed to indicate that Mr. Hayes was not evicted.

18. Additionally, the tenant screening report included misdemeanor convictions in the state of Ohio from nearly 20 years ago.

19. Upon information and belief, several of the criminal convictions denoted as "misdemeanor" should be classified as "minor misdemeanor".

20. Upon information and belief, said inaccuracies are a result of Defendant's failure to maintain reasonable procedures in order to assure the maximum possible accuracy of its tenant screening reports.

21. Upon information and belief, the tenant screening report prepared by Defendant resulted, at least in part, in the South Saint Paul HRA's decision to reject Mr. Hayes's housing application.

22. On March 9, 2017, Mr. Hayes obtained an expungement of the Eviction Action from the Hennepin County District Court.

23. On or about March 9, 2017, Mr. Hayes mailed a letter to Defendant informing it that the Eviction Action had been expunged and that several of his "misdemeanor" convictions should be classified as "minor misdemeanors".

24. Mr. Hayes additionally requested that a revised tenant screening report be mailed to the South Saint Paul HRA.

25. On or about April 6, 2017, Defendant mailed a response to Plaintiff in which it informed Plaintiff that the Eviction Action would be removed from his file, but that its system prevented it from reporting a "minor misdemeanor" as anything other than a "misdemeanor".

26. Upon information and belief, this limitation in Defendant's system has resulted in the dissemination of false information concerning people with minor misdemeanor convictions in the state of Ohio.

27. Upon information and belief, Defendant failed to conduct a reasonable reinvestigation of the information Mr. Hayes alleged to be inaccurate.

28. Upon information and belief, Defendant failed to delete information from Mr. Hayes's file that it knows to be inaccurate.

29.     Upon information and belief, Defendant failed to note in Plaintiff's file that Mr. Hayes disputed the description of the criminal convictions as "misdemeanors.

30.     Upon information and belief, Defendant failed to notify the South Saint Paul HRA of the deleted or disputed information that was contained in the published tenant screening report.

31.     As a result of Defendant's conduct, Mr. Hayes has been unable to secure permanent housing and has been in fear of becoming homeless.

32.     Also as a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

## Specific Claims

Count I - Negligent Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FCRA, including, but not limited to, 15 U.S.C. §§1681e(b) and 1681i.


Count II– Knowing and/ or Willful Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and willful violations of the FCRA, including, but not limited to, 15 U.S.C. §§1681e(b) and 1681i.

## Jury Demand

37. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, Arttis Hayes, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages;

    c.    Punitive damages;

    d.    Reasonable attorney's fees, litigation expenses, and cost of suit; and

    e.    Any other relief deemed appropriate by this Honorable Court.

Dated: July 3, 2017        Respectfully Submitted,

LAW OFFICE OF RYAN D. PETERSON

s/Ryan D. Peterson
Ryan D. Peterson (#0389607)
5201 Eden Avenue, Suite 300
Edina, MN 55436
(612) 367-6568
ryan@peterson.legal

ATTORNEY FOR PLAINTIFF

6